IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SHAWN OMEROVIC and BRITTANY OMEROVIC on behalf of their minor child, S.O.,<br><br>    Plaintiff,<br><br>v.<br><br>WAL-MART STORES, INC., a Delaware Corporation,<br><br>    Defendant. | Case No. 1:16-CV-00087-BLW<br><br>**ORDER APPROVING STIPULATION FOR PROTECTIVE ORDER** |

Pending before the Court is the parties' Stipulation for Protective Order (Dkt. 19). Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, and for good cause shown, the Stipulation (Dkt. 19) is hereby APPROVED and the following Protective Order shall govern this litigation:

## PROTECTIVE ORDER

1.  The Protective Order shall govern all materials deemed to be "Confidential Information." Such Confidential Information shall include the following:

    (a)  Any and all documents referring or related to confidential and proprietary human resources or business information; financial records of the parties; compensation of Defendant's current or former personnel;

**ORDER APPROVING STIPULATION FOR PROTECTIVE ORDER - 1**

        policies, procedures and/or training materials of Defendant; and/or Defendant's organizational structure;

    (b)    Any documents from the personnel, medical or workers' compensation file of any current or former employee or contractor;

    (c)    Any documents relating to the medical and/or health information of any of Defendant's current or former employees or contractors;

    (d)    Any portions of depositions (audio or video) where Confidential Information is disclosed or used as exhibits.

2. In the case of documents and the information contained therein, designation of Confidential Information produced shall be made by placing the following legend on the face of the document and each page so designated "CONFIDENTIAL" or otherwise expressly identified as confidential. Defendant will use its best efforts to limit the number of documents designated Confidential.

3. Confidential Information shall be held in confidence by each qualified recipient to whom it is disclosed, shall be used only for purposes of this action, shall not be used for any business purpose, and shall not be disclosed to any person who is not a qualified recipient. All produced Confidential Information shall be carefully maintained so as to preclude access by persons who are not qualified recipients.

4. Qualified recipients shall include only the following:

    (a)    In-house counsel and law firms for each party and the secretarial, clerical and par alegal staff of each;

    (b)    Deposition notaries and staff;

**ORDER APPROVING STIPULATION FOR PROTECTIVE ORDER - 2**

    (c)    Persons other than legal counsel who have been retained or specially employed by a party as an expert witness for purposes of this lawsuit or to perform investigative work or fact research;

    (d)    Deponents during the course of their depositions or potential witnesses of this case; and

    (e)    The parties to this litigation, their officers and professional employees.

5. Each counsel shall be responsible for providing notice of the Protective Order and the terms therein to persons to whom they disclose "Confidential Information," as defined by the terms of the Protective Order.

6. Persons to whom confidential information is shown shall be informed of the terms of this Order and advised that its breach may be punished or sanctioned as contempt of the Court. Such deponents may be shown Confidential materials during their deposition but shall not be permitted to keep copies of said Confidential materials nor any portion of the deposition transcript reflecting the Confidential Information.

7. If either party objects to the claims that information should be deemed Confidential, that party's counsel shall inform opposing counsel in writing within thirty (30) days of receipt of the Confidential materials that the information should not be so deemed, and the parties shall attempt first to dispose of such disputes in good faith and on an informal basis. If the parties are unable to resolve their dispute, they may present a motion to the Court objecting to such status. The

information shall continue to have Confidential status during the pendency of any such motion.

8. No copies of Confidential Information shall be made except by or on behalf of attorneys of record, in-house counsel or the parties in this action. Any person making copies of such information shall maintain all copies within their possession or the possession of those entitled to access to such information under the Protective Order.

9. The parties agree that Confidential Material filed with the Court will be accompanied by a motion to seal and that the party seeking to file Confidential Material shall use their best efforts to obtain Court approval consistent with the Ninth Circuit standards for sealing. *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).

10. All information produced in this action, whether deemed Confidential or not, shall be used only for purposes of this litigation and not for any other purpose.

11. The termination of this action shall not relieve the parties and persons obligated hereunder from their responsibility to maintain the confidentiality of information designated confidential pursuant to this Order.

12. Upon termination of this action by entry of a final judgment (inclusive of any appeals or petitions for review), the parties may request the return of all previously furnished Confidential Information, including any copies thereof, and each person or party to whom such Confidential Information has been furnished or produced shall be obligated to return it within thirty (30) days of said request.

**ORDER APPROVING STIPULATION FOR PROTECTIVE ORDER - 4**

13. Nothing in this Order shall be construed as an admission as to the relevance, authenticity, foundation or admissibility of any document, material, transcript, or other information.

14. Nothing in the Protective Order shall be deemed to preclude any party from seeking and obtaining, on an appropriate showing, a modification of this Order.

DATED: November 28, 2016

B. Lynn Winmill
Chief Judge
United States District Court